UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XUNXIAN LIU,<br><br>           Plaintiff,<br><br>           v.<br><br>XAVIER BECERRA,<br><br>           Defendant. | Civil Action No. 23-338 (JMC) |

**MEMORANDUM OPINION**

Dr. Xunxian Liu brings claims for discrimination and retaliation against the Secretary of the U.S. Department of Health and Human Services under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981, and the First and Fifth Amendments to the United States Constitution for his non-selection to two positions at the National Institutes of Health (NIH).[1] Defendant has moved to dismiss those claims or, in the alternative, to transfer this case to the United States District Court for the District of Maryland, where it contends the events giving rise to this action occurred. The Court finds that transfer is appropriate and grants Defendant's Motion. Accordingly, the Court does not reach the merits of Defendant's Motion to Dismiss; Defendant can raise those issues with the transferee court.

**I.    BACKGROUND**

The Court provides a brief recitation of Dr. Liu's allegations, which it assumes are true for purposes of this Motion. Dr. Liu is of Chinese origin and was born in 1954. ECF 12 ¶ 2. He used

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

to work for the NIH, but was terminated in 2015. *Id.* ¶ 14 n.1 After his termination he filed an EEO complaint and several lawsuits against his supervisor and the Agency alleging discrimination on the basis of race, national origin, and age. *Id.*

This case involves Dr. Liu's more recent efforts to work for the NIH. In October 2019, Dr. Liu applied for a different position at the NIH offices in Bethesda, Maryland as a biologist to perform cancer research. ECF 12 ¶¶ 5, 10–11. Although he alleges that he received notification that he was qualified for the position and that his application had been referred to the hiring committee, *id.* ¶ 12, he was not interviewed or selected for the job, *id.* ¶ 14. A manager who Dr. Liu alleges was involved in hiring for the position, and who was also a defendant in Dr. Liu's earlier suit against the Agency, claimed that she had not interviewed Dr. Liu because he did not have the required experience for the role. *Id.* ¶ 19. Dr. Liu alleges that the manager's justification was pretext for discrimination, and that the real reason she did not consider him for the position was because of his prior discrimination complaints against her. *Id.*

In December 2020, Dr. Liu applied for another position at NIH's Maryland office, this time in the Thoracic Surgery Branch. *Id.* ¶¶ 20–21. Again, Dr. Liu received notice that he was eligible for the position. *Id.* ¶ 21. And again, he was neither interviewed nor selected for the position. *Id.* ¶ 23. According to Dr. Liu, the selecting official gave conflicting reasons to explain why NIH chose another candidate over him. *Id.* ¶ 27. Dr. Liu contends that those shifting justifications support his allegation that he was not hired because of his race, national origin, and age, and also in retaliation for having previously complained about unlawful discrimination. *Id.* ¶¶ 23–27.

## II.   LEGAL STANDARD

A defendant may move to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). In deciding a Rule 12(b)(3) motion, the court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's

favor, and resolves any factual conflicts in the plaintiff's favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). However, the court is not obligated to accept the plaintiff's legal conclusions, *id.* at 140, and may also consider matters outside of the pleadings to determine whether venue is proper, *see, e.g.*, *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 298 (D.D.C. 2018), *aff'd sub nom. In re Braun*, No. 18-5120, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018).

If the court finds that a plaintiff has brought an action in the wrong venue, the court can "dismiss, or if it be in the interest of justice, transfer such a case" to the appropriate district "in which it could have been brought." 28 U.S.C. § 1406(a). However, the interest of justice will usually require courts to transfer, as opposed to dismiss, a plaintiff's case. *See Goldlawr, Inc. v. Heiman* 369 U.S. 463, 466–67 (1962).

### III.   ANALYSIS

The Court finds that venue is not proper in this District for Dr. Liu's Title VII claims and transfers his case to the District of Maryland in the interest of justice and for the sake of efficiency.

**A.   Venue Is Not Proper in This District for Dr. Liu's Title VII Claims**

Title VII has a special venue provision that provides that such cases can only be brought: 1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," 2) "in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If the defendant is not within any of these judicial districts, the plaintiff can bring the action "within the district in which the respondent has his principal office." *Id.*

The District of Columbia is not a proper venue for this case under the statute, but Maryland is. First, nothing in the Amended Complaint, its attachments, or other information submitted by the Parties suggest that any of the relevant decisionmakers took any actions in connection with Dr. Liu's applications in this District. To the contrary, the exhibits to Dr. Liu's Amended Complaint and his EEO Complaint demonstrate that the individuals with whom Dr. Liu corresponded about the positions at issue, and who he alleges were responsible for the practices alleged, worked out of NIH's Bethesda, Maryland office, and that the events giving rise to his suit occurred there. *See, e.g.*, ECF 12-3 at 1–2; *see also* ECF 16-3 at 1 (identifying Bethesda, Maryland as the address "where allegations(s) occurred."). Indeed, Dr. Liu seems to concede that the alleged bad acts occurred in Maryland, by referring to "Defendant's Maryland discriminatory actions" in his Opposition. *See* ECF 18 at 16.

Second, the relevant employment records are not maintained and administered in the District of Columbia—at least according to Dr. Liu's allegations. His Amended Complaint alleges that his records have been transferred from the NIH office (presumably in Maryland) to the National Personnel Records Center in St. Louis, Missouri, ECF 12 ¶ 5, which is not in this District. And while Dr. Liu argues that there are records in this District because "Agency Offices in the District of Columbia…defended…both [EEOC] cases," ECF 18 at 16, the Court agrees with the weight of persuasive authority in this district that those administrative records are not "employment records" under § 2000e-5(f)(3), *see, e.g.*, *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 21 (D.D.C. 2013) ("Courts in this district have rejected the argument that the location where plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong two of § 2000e–5(f)(3)") (collecting cases).

Finally, there is no evidence or information suggesting that the positions to which Dr. Liu applied would have required him to work anywhere but in Maryland. He specifically alleges that he "applied for a position with the [NIH] located in Bethesda, Maryland," ECF 12 ¶ 5, and the people for whom he would be working apparently worked out of that same office, *see* ECF 12-3 at 1–2; ECF 16-3 at 1. In fact, the only reference to this District in his Amended Complaint is an allegation that the Department of Health and Human Services has its "primary offices" here. ECF 12 ¶ 5. But the Court can only consider venue where the defendant's principal office is located if the defendant is not found within a judicial district identified in the first three prongs of the statute, 42 U.S.C. § 2000e-5(f)(3), which is not the case here. Accordingly, this District is not a proper venue for Dr. Liu's Title VII claims, and the Court agrees with Defendant that the District of Maryland is a proper venue.

### B.  Dr. Liu's Remaining Claims Should Be Heard With His Title VII Claims

Dr. Liu's remaining claims under the U.S. Constitution, the ADEA, and § 1981 are subject to the general venue rule, which provides that civil actions may be brought in any district in which: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides. 28 U.S.C. § 1391(e). Defendant does not dispute that this District may be an appropriate venue for Dr. Liu's remaining claims under this statute. ECF 16-1 at 18. However, Dr. Liu cannot credibly challenge that venue is proper in Maryland as well. At minimum, the events about which he complains occurred there, *see, e.g.*, ECF 12-3; ECF 12-4 at 1; ECF 12-6; ECF 16-3 at 1, and he lives there, ECF 12 ¶ 2. Because this District is not a proper venue for his Title VII claims, and venue is proper in the District of Maryland for all of his claims, the Court finds that the case should be transferred there in its entirety. That way, one court can hear all of Dr. Liu's claims, which arise out of the same set of facts. *See, e.g.*, *In re O'Leska*, No. 00-5339, 2000 WL 1946653, at *1 (D.C. Cir. Dec. 7, 2000) (reasoning that "[i]t is in the

interest of justice to transfer the entire complaint rather than have it heard in two different venues.").

## IV. CONCLUSION

Because the alleged acts giving rise to this matter occurred in the District of Maryland, and venue is proper there for all claims, the Court will transfer this case to the United States District Court for the District of Maryland. The Court is transferring the case to the appropriate District rather than dismissing it because it finds it is in the interest of justice to do so. Defendant can raise, and Dr. Liu can respond to, Defendant's request that this case be dismissed on the merits in that forum. A separate order accompanies this opinion.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: December 12, 2023